Dale R. Cockrell
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email:  dcockrell@mcgalaw.com

*Attorney for Defendant Allstate Fire*
      *and Casualty Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| CONNIE E. EATON and MICHAEL EATON,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY and JOHN DOES I through III,<br><br>Defendants. | Cause No. 1:09-cv-8000<br><br>**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL** |

Defendant Allstate Fire and Casualty Insurance Company ("Allstate"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), *et seq.*, hereby removes this action to this Court. The grounds for removal are as follows:

1. Plaintiff filed a Complaint against Allstate in the Montana Eleventh Judicial District Court, Flathead County, Cause No. DV-16-613A, on July 25, 2016. Defendant Allstate acknowledged service of the Summons and Complaint on November 13, 2017.

2. A list of and copies of all process, pleadings and orders served or filed in this action are attached and filed herewith. *See* Exhibit A.

3. Defendant Allstate is informed, believes and alleges that Connie and Mark Eaton reside in Flathead County, Montana, and are citizens of the State of Montana.

4. Defendant Allstate is not incorporated in the State of Montana and does not have its principal place of business in Montana. Thus, Defendant Allstate is not a citizen or resident of Montana under 28 U.S.C. § 1332(e)(1).

5. Defendant Allstate is a corporation incorporated in and has its principal place of business located in the State of Illinois. Therefore, pursuant to 28 U.S.C. §§ 1332(c) and 1441, Defendant Allstate is deemed to be a citizen of the State of Illinois.

6. Based upon the allegations in Plaintiffs' Complaint, the amount in controversy in this case exceeds $75,000.00.

7. In the Complaint, Plaintiffs alleges that Defendant Allstate breached its insurance contract with Plaintiffs and violated the Montana Unfair Trade Practices

Act ("UTPA"). *See* Exhibit A, Complaint and Demand for Jury Trial ("Complaint"), Counts First and Second Causes of Action. Plaintiff also seeks punitive damages against Allstate. *Id.*

8. Defendant Allstate can demonstrate, by a preponderance of the evidence, that the amount in controversy for the claims exceeds the jurisdictional minimum. *See*, *Singer v. Allstate Mutual Automobile Insurance Company*, 116 F.3d 373 (9th Cir. 1997); *Sanchez v. Monumental Life Insurance Company,* 102 F.3rd 398 (9th Cir. 1996); *Birkenbuel v. N.C.C. Construction Corporation*, 962 F. Supp. 1305 (D. Mont. 1997). Pursuant to established law, Defendant Allstate need not demonstrate the case value to a certainty. *Id.*

9. Damages for alleged unfair claim practices are difficult to quantify and are typically left to the jury's discretion. *See, e.g., Cartwright v. Equitable Life Assurance Society of the U.S.,* 276 Mont. 1, 914, P.2d 976 (1996); *Dees v. Am. Nat'l Fire Ins. Co.,* 260 Mont. 431, 861 p.2d 141 (1993).

10. Attached as Exhibit B to this Notice of Removal is a compilation of verdicts in Montana bad faith and unfair claims practices actions which indicate that juries can reach verdicts well in excess of the $75,000.00 jurisdictional minimum. In some of the cited cases, the punitive damage awards were as high as 40 to 144 times the compensatory awards, when the compensatory awards were less than $75,000.

11. In the Montana case, *Cavin v. Unum Life Ins. Co. of America*, CV 01-28-M-DWM (D. Mont.), which involved similar claims for relief, U.S. District Court Judge Donald Molloy denied a motion to remand on the basis that plaintiff's claim for punitive damages in an unfair claims practices case satisfies the jurisdictional amount. *See* Exhibit C, March 3, 2001, *Cavin* Order attached hereto.

12. Although Allstate alleges and believes that Plaintiff will seek compensatory damages in excess of $75,000.00, even if Plaintiff's compensatory damages claim is not more than $75,000.00, Allstate alleges that the compensatory and punitive damages together "heighten the potential for a judgment in excess of jurisdictional limits." *See* Ex. C, *Cavin* Order, p. 2. On that basis alone, this case satisfies the amount in controversy requirement for diversity jurisdiction.

13. Plaintiffs can avoid removal by utilizing available procedural devices in stating that all of the claims have a value of less than $75,000 in a Notice or Statement of Damages and that Plaintiff will seek no more than $75,000. *See* §§ 25-4-313 and 25-4-314, MCA; *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582, 588 (D. Mont. 1981) (". . . if the plaintiff is to reserve the option of avoiding the federal forum, he must take the initiative and inform the defendant of the amount being sought").

14. While Plaintiffs allege that John Does I through III are unknown to Plaintiffs and will be added when known and who may be responsible for the

damages alleged in the Complaint (Exhibit A, Complaint, ¶ 3), the citizenship of John Does I through III is disregarded for determining diversity jurisdiction. Accordingly, the consent of John Does I through III is not required to effectuate removal because the citizenship of defendants sued under fictitious names shall be disregarded for removal purposes. 28 U.S.C. § 1441(a). Moreover, John Does I through III are nominal parties who have not been served. A party not served need not be joined in the removal petition. *Salveson v. Western States Bankcard Association, et al.*, 731 F.2d 1423, 1429 (1984).

15. Removal of this case is permitted under 28 U.S.C. § 1441(a) because for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded, 28 U.S.C. § 1441(b), based upon complete diversity of citizenship (after the disregard of the fictitiously named plaintiffs), and the fact that the amount in controversy could exceed $75,000.00.

16. Pursuant to 28 U.S.C. § 1441(a), and Rule 1.2(c)(5) of the Rules of Procedure of the United States District Court for the District of Montana, the United States District Court of Montana, Missoula Division, has jurisdiction and venue over this action because the Missoula Division of this court embraces Flathead County, Montana.

17. This action is a civil action which may be removed by Allstate to the United States District Court for the District of Montana, pursuant to 28 U.S.C. §§

1332 and 1441.  The United States District Court has original jurisdiction over this cause.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed with the Court within thirty days of the date of the Acknowledgement of Service dated November 13, 2017.

19. Defendant Allstate consents to this removal.

20. Notice of filing of this Notice of Removal has been given to Plaintiffs by service of a copy of this Notice of Removal upon Plaintiffs; attorney as required by 28 U.S.C. § 1446(d).

21. Within seven (7) days of the filing of this Notice, Allstate will provide a copy of the Notice to the Clerk of District Court of the Montana Eleventh Judicial District Court, as required by Local Rule 3.3(a) of the United States District Court for the District of Montana.

22. Under the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and other applicable statutes, all of which Allstate has complied with, this cause is removable to the United States District Court, for the  District of Montana, Missoula Division.

WHEREFORE, Defendant Allstate gives notice that Cause No. DV-16-613A, formerly pending in the Montana Eleventh Judicial District Court, has been removed to the United States District Court for Montana.

Dated this 13th day of December, 2017.

                                MOORE, COCKRELL,
                                GOICOECHEA & JOHNSON, P.C.

                                /s/ Dale R. Cockrell
                                Dale R. Cockrell
                                145 Commons Loop, Suite 200
                                P.O. Box 7370
                                Kalispell, Montana 59904-0370
                                Email: dcockrell@mcgalaw.com

                                *Attorney for Defendant Allstate Fire*
                                  *and Casualty Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true copy of the foregoing document was served upon the following individuals by:

| | |
|---|---|
| [x] CM/ECF | Darin K. Westover |
| [x] U.S. Mail | BEST & WESTOVER LAW OFFICE |
| [ ] Federal Express | 35 8TH St. East |
| [ ] Hand-Delivery | PO Box 278 |
| [ ] Facsimile | Kalispell, MT 59903-0278 |
| [ ] E-Mail | *Attorneys for Plaintiffs* |

Dated this 13th day of December, 2017.

/s/Dale R. Cockrell
Dale R. Cockrell