# EXHIBIT   A

Date: 12/13/2017
Time: 01:28 PM
Page 1 of 2

Case 9:17-cv-00166-RWA   Document 1-1   Filed 12/13/17   Page 2 of 26   User: RTHOLE

**Flathead County District Court**
Case Register Report
DV-15-2016-0000613-BC

**Connie E Eaton, et al. vs. Allstate Fire and Casualty Insurance Company**

Filed:          7/25/2016
Subtype:        Breach of Contract

## Status History

Open                                        7/25/2016

## Plaintiffs

Pl. no. 1        Eaton, Connie E

### Attorneys
Westover, Darin Kirk                    (Primary attorney)          Send Notices

Pl. no. 2        Eaton, Michael

### Attorneys
Westover, Darin Kirk                    (Primary attorney)          Send Notices

## Defendants

Def. no. 1      Allstate Fire and Casualty Insurance Company

### Attorneys
Cockrell, Dale R.                       (Primary attorney)          Send Notices

## Judge History

| Date | Judge | Reason for Removal |
|---|---|---|
| 12/8/2017 | Ulbricht, Heidi J | Current |
| 7/25/2016 | Eddy, Amy | Substituted |

## Register of Actions

| Doc. Seq. | Entered | Filed | Text | Judge |
|---|---|---|---|---|
|  | 07/25/2016 | 07/25/2016 | Plaintiff: Eaton, Connie E Attorney Retained Darin Kirk Westover | Eddy, Amy |
|  | 07/25/2016 | 07/25/2016 | Plaintiff: Eaton, Michael Attorney Retained Darin Kirk Westover | Eddy, Amy |
| 1.000 | 07/25/2016 | 07/25/2016 | Complaint & demand for JT | Eddy, Amy |
|  | 07/25/2016 | 07/25/2016 | New Case Filed | Eddy, Amy |
|  | 07/25/2016 | 07/25/2016 | Filing: Commencement of Action or Proceedings / Invalidity   Paid by: Westover, Darin Kirk (attorney for Eaton, Connie E)  Receipt number: 0277850 Dated: 7/25/2016  Amount: $120.00 (Check) For: Eaton, Connie E (plaintiff) | Eddy, Amy |
| 2.000 | 07/26/2016 | 07/25/2016 | SUMMONS:  Summons: Issued  to Allstate Fire and Casualty Insurance Company on 7/25/2016; Service Fee of $0.00. | Eddy, Amy |
|  | 10/27/2016 | 10/27/2016 |  Email Sent  Date: 10/27/2016 03:26 pm To: kayla@bestandwestoverlaw.com File Attached: COMPLAINT.pdf Name of Document: complaint | Eddy, Amy |
| 3.000 | 11/29/2017 | 11/28/2017 | Motion for Scheduling Order | Eddy, Amy |
|  | 12/04/2017 | 12/04/2017 | Defendant: Allstate Fire and Casualty Insurance Company Attorney Retained Dale R. Cockrell | Eddy, Amy |

Case 9:17-cv-00168-RWA  Document 1-1  Filed 12/13/17  Page 3 of 26  User: RTHOLE

**Flathead County District Court**
Case Register Report
DV-15-2016-0000613-BC

**Connie E Eaton, et al. vs. Allstate Fire and Casualty Insurance Company**

## Register of Actions

| Doc. Seq. | Entered | Filed | Text | Judge |
|---|---|---|---|---|
| | 12/04/2017 | 12/04/2017 | Filing: Appearance   Paid by: Cockrell, Dale R. (attorney for Allstate Fire and Casualty Insurance Company)  Receipt number: 0297811  Dated: 12/4/2017  Amount: $70.00 (Check) For: Allstate Fire and Casualty Insurance Company (defe | Eddy, Amy |
| 4.000 | 12/05/2017 | 12/04/2017 | D Allstate Fire and Casualty Insurance Companys Answer and Demand for JT | Eddy, Amy |
| 5.000 | 12/06/2017 | 12/04/2017 | Ord _ Mtn for Sch Ord DENIED | Eddy, Amy |
| | 12/05/2017 | 12/05/2017 | Filing: Substitution of Judge   Paid by: Cockrell, Dale R. (attorney for Allstate Fire and Casualty Insurance Company)  Receipt number: 0297859  Dated: 12/5/2017  Amount: $100.00 (Check) For: Allstate Fire and Casualty Insurance Company (defe | Eddy, Amy |
| 6.000 | 12/06/2017 | 12/05/2017 | Motion for Substitution of Judge | Eddy, Amy |
| 7.000 | 12/08/2017 | 12/07/2017 | Acknowledgment of Service | Ulbricht, Heidi J |
| 8.000 | 12/12/2017 | 12/11/2017 | Relinquishment & Assumption | Ulbricht, Heidi J |
| 9.000 | 12/12/2017 | 12/11/2017 | Scheduling Order | Ulbricht, Heidi J |

Darin K. Westover
*Best & Westover Law Office*
35 8th St. East
P.O. Box 278
Kalispell, MT 59903-0278
Phone: (406)752-8731
Fax: (406)752-8799
Attorney for Plaintiff Connie Eaton



CLERK OF DISTRICT COURT
2016 JUL 25 PM 4:06
FILED
BY
DEPUTY

# MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| **CONNIE E. EATON and MICHAEL EATON,** | Case No.: DV- 16.613A |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and JOHN DOES I through III,** | **AND DEMAND FOR JURY TRIAL** |
| Defendants. | **AMY EDDY** |

**COME NOW** the Plaintiffs, Connie Eaton and Michael Eaton, by and through their attorney of record, Darin K. Westover, and for their claim for relief against Defendants, allege:

## ALLEGATIONS COMMON TO ALL COUNTS

1.  That Plaintiffs, Connie Eaton and Michael Eaton, at all times material herein, were residents of Flathead County, Montana;

2.  That Defendant, Allstate Fire and Casualty Insurance Company, at all times material herein, was a corporation incorporated under the laws of the State of Illinois, having its principal place of business in a state other than the State of Montana.

3.  The true names and capacities of John Does I through III are unknown to plaintiffs. Plaintiffs will amend this Complaint to insert said true names and capacities upon ascertainment.

## STATEMENT OF CLAIM

4.  Connie Eaton was insured for underinsured motorist benefits ("UIM") under a policy of insurance with Defendant Allstate when she was injured in an automobile collision on August 2, 2013.

NOV 0 3 2017

5. That on or about August 2, 2013, at approximately 8:30 a.m., Plaintiff Connie Eaton was southbound on US Hwy 2 in Kalispell, Montana, at the intersection of Meadowlark Drive when Defendant negligently operated a motor vehicle causing it to be driven into and against the vehicle owned and operated by Plaintiff Connie Eaton.

6. As a result of the collision, Plaintiff Connie Eaton was injured about her head, neck, shoulders, and back, and incurred medical expenses in the past and will incur such expenses in the future due to the collision; Plaintiff Connie Eaton was prevented from transacting her business, daily activities, and recreation; that she has suffered wage loss, loss of earning capacity, pain and emotional distress, loss of an established way of life; and Plaintiff Michael Eaton has suffered a loss of consortium; and both will continue to suffer such losses in the future, all to their detriment.

7. With permission of Allstate, Connie reached a settlement of her claim against Marcella Taylor and Mrs. Taylor's insurance carrier, The Hartford Insurance. Connie's underlying claim with The Hartford was resolved on June 6, 2014. Under the settlement with The Hartford, Connie Eaton received the available liability limits of $100,000.

8. Connie's damages suffered in the collision exceed by more than $100,000 the funds recovered from The Hartford. On August 2, 2013, Connie was insured under an Allstate insurance policy which provided $100,000 of UIM coverage.

9. Despite repeated demand by Connie for additional medical payments owing, Allstate has pursued a policy of delay, denial and seeking more information, in order to avoid paying Connie's claim under her UIM benefits. Allstate embarked on a year long program of gathering further information and eliciting an Independent Medical Exam of Connie. It was not until Allstate's attorney's letter to counsel for Connie Eaton dated January 11, 2016, that Allstate apparently denied Connie's UIM claim as follows:

> ". . . To my understanding this sum (received from The Hartford and Allstate med pay) exceeds her total claimed special damages to date. . . . I cannot advise Allstate to pay further medical expenses until we know what Dr. Vallin opines on the divisibility and causation questions."

11. In regard to the collision with Mrs. Taylor, as to each such claim Allstate:

   a) failed to acknowledge and act reasonably promptly upon communications with

          respect to claims arising under the Allstate policy;

b)     failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the Allstate policy;

c)     refused to pay claims without conducting a reasonable investigation based upon all available information;

d)     fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

e)     neglected to attempt in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear;

f)     failed to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

12.    As a result of the actions and omissions of Allstate set forth above, Connie has been deprived of contractual insurance benefits owing and has been unable to pay medical expenses, all resulting in damage to Connie's credit, deprivation of needed medical treatment and serious emotional distress.

13.    Allstate's investigation and handling of Connie's insurance claims have been conducted with actual fraud or actual malice. Allstate has knowledge of facts or has intentionally disregarded facts that create a high probability of injury to Connie and has deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Connie, or alternatively, has deliberately proceeded to act with indifference to the high probability of injury to Connie.

### First Cause of Action – Breach of Contract

14.    The actions and omissions of Allstate set forth above constitute breach of Allstate' insurance contracts under which Connie was insured and breach of the obligation of good faith and fair dealing which is a part of those contracts under Montana law; for which Connie is entitled to compensation and judgment as set forth below.

### Second Cause of Action – Unfair Trade Practices

15.    The actions and omissions of Allstate set forth above constitute violations of Montana's Unfair Trade Practices Act ("UTPA") set forth at § 33-18-201 et seq., including § 33-18-242; for which Connie is entitled to compensation and judgment as set forth below.

## DEMAND FOR JUDGMENT

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

1. **FOR COUNT ONE:** An amount sufficient to fully compensate Plaintiff Connie Eaton for her injuries, detriment, and damages described in Count One;

2. For medical expenses and interest incurred on sums expended for medical expenses;

3. For underinsured motorist benefits arising out of the 2013 collision in the amount of $100,000.00, together with prejudgment interest thereon at the legal rate of 10% per annum from the date such payment should have been made until the date of judgment.

4. For reasonable compensation for damage to Connie's credit and to compensate her for serious emotional distress.

5. For reasonable punitive damages in an amount to be established at trial pursuant to § 27-1-221 M.C.A. et seq.

6. For costs of suit and reasonable attorney fees as allowed by law and equity.

7. For such other and further relief as this Court may deem just and proper under Montana law and in equity.

**RESPECTFULLY SUBMITTED** this 25 day of _July_, 2016.

Darin K. Westover
P. O. Box 278
Kalispell, MT  59903
Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2       **COMES NOW** the Plaintiff Connie Eaton, and respectfully demands that the foregoing

3  action be tried before a jury.

4       **DATED** this ___25ᵗʰ___ day of ___July_____, 2016.

5

6

7                                              Darin K. Westover
                                              Attorney for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Darin K. Westover
*Best & Westover Law Office*
P.O. Box 278
35 8th Street East
Kalispell, MT 59901
Phone: (406)752-8731
Fax: (406)752-8799
Attorney for Plaintiff Connie Eaton

MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| **CONNIE E. EATON and MICHAEL EATON,** | Case No.: DV- *16·613A* |
| Plaintiff s, | |
| vs. | |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and JOHN DOES I through III,** | **SUMMONS** |
| Defendants. | *AMY EDDY* |

**THE STATE OF MONTANA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANTS:**

**YOU, THE DEFENDANTS, ARE HEREBY SUMMONED** to answer the Complaint in this action, which is filed in the office of the above-named Court, a copy of which is served upon you with this summons, and to file your answer and serve a copy of your answer on Plaintiff's attorney within 30 days after the service of this summons, exclusive of the day of service. If you fail to appear or answer, judgment will be taken against you, by default, for the relief demanded in the Complaint.

Witness my hand and seal of said Court this 2 5 day of July, 2016.

PEG L ALLISON

CLERK OF FLATHEAD DISTRICT COURT

BY: *Rosandra W Loveless*
Deputy Clerk

Darin K. Westover
*Attorney for Plaintiffs*
35 8th St. East
Kalispell, MT   59901

SUMMONS                                                                            1

NOV 0 3 2017

Darin K. Westover
*Best & Westover Law Office*
P.O. Box 278
35 8th Street East
Kalispell, MT 59901
Phone: (406)752-8731
Fax: (406)752-8799
Attorney for Plaintiff Connie Eaton

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| **CONNIE E. EATON,** | Case No.: DV-16-613A |
| Plaintiff, | |
| vs. | |
| **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and JOHN DOES I through III,** | **MOTION FOR SCHEDULING ORDER** |
| Defendants. | |

**COMES NOW** the Plaintiff, Connie E. Eaton, by and through her attorney, Darin K. Westover, and pursuant to Rule 16(b), M.R.Civ.P., moves the Court to enter a Scheduling Order limiting the time:

1. To file and hear Motions;
2. To amend pleadings and join parties
3. To disclose witnesses and exchange exhibits;
4. To complete discovery;

Plaintiffs further move the Court to include in its Scheduling Order the following:

5. The date for a settlement conference
6. The date of a Pre-Trial Conference;
7. The date to file a Pretrial order; and
8. A date for trial.

RESPECTFULLY SUBMITTED this *28* day of *November*, 2017.

Darin K. Westover
P. O. Box 278
Kalispell, MT 59903
Attorney for Plaintiff

MOTION FOR SCHEDULING ORDER                                    1

DEC 0 1 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the ___28___ day of November, 2017, a true and correct copy of the foregoing document was served upon the persons named below, at the addresses set out below their names, either by mailing, hand delivery, or Federal Express, in a properly addressed envelope, postage prepaid, or by telecopying, as indicated below.

Dale R. Cockrell
MOORE, COCKRELL, GOICOECHEA & JOHNSON
PO Box 7370
Kalispell, MT  59904-0370

[ X ]   U.S. Mail (first class postage)
[   ]   Federal  Express
[   ]   Hand Delivery
[   ]   Telecopy (facsimile)
[   ]   Other:_____

Ashton Wood

Dale R. Cockrell
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile: (406) 756-6522
Email: dcockrell@mcgalaw.com
*Attorney for Defendant Allstate Fire and*
  *Casualty Insurance Company*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT,
## FLATHEAD COUNTY

| | |
|---|---|
| CONNIE E. EATON and MICHAEL EATON,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and JOHN DOES I through III,<br><br>Defendants. | Cause No. DV-16-613A<br><br><br>**DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S ANSWER AND DEMAND FOR JURY TRIAL** |

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") for its answer to Plaintiffs' Complaint and Demand for Jury Trial, ("Complaint"), admits, denies and alleges as follows:

1.     Any allegation of Plaintiffs' Complaint not specifically admitted, denied, or otherwise answered below, is hereby denied.

## ALLEGATIONS COMMON TO ALL COUNTS

2.     Answering Paragraph No. 1 of Plaintiffs' Complaint, based on information and belief, Allstate admits that Plaintiffs are citizens of Montana and residents of Flathead County, Montana.

3.      Answering Paragraph No. 2 of Plaintiffs' Complaint, admit.

4.      Answering Paragraph No. 3 of Plaintiffs' Complaint, the allegations of this paragraph are directed to defendants other than Defendant Allstate and therefore, Defendant Allstate avers that no response is required by Defendant Allstate.  To the extent a response is required, Defendant Allstate is without sufficient information or knowledge to form a belief as to the truth of the allegations of this paragraph and therefore, denies the same.

## STATEMENT OF CLAIM

5.      Answering Paragraph No. 4 of Plaintiffs' Complaint, Defendant Allstate admits that Plaintiff Connie Eaton was an insured under an Allstate policy which included underinsured motorist coverage on August 2, 2013 and suffered some injuries in an automobile accident in that day.   Defendant Allstate denies the remaining allegations of that paragraph.

6.      Answering Paragraph No. 5 of Plaintiffs' Complaint, Defendant Allstate admits that Plaintiff Connie Eaton was southbound on US Hwy 2, Kalispell, Montana and was involved in an automobile accident at approximately 8:30 a.m., August 2, 2013, with Marcella Grubb Taylor, near the intersection with Meadowlark Drive.  Defendant Allstate denies it was involved in that accident.   Defendant Allstate admits that based on the information currently available, that information indicates that Marcella Grubb Taylor was negligent.  Defendant Allstate is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and therefore, denies the same.

7.      Answering Paragraph No. 6 of Plaintiffs' Complaint, Defendant Allstate admits that Plaintiff Connie Eaton suffered some injuries in the August 2, 2013, automobile accident with Marcella Grubb Taylor, but denies such injuries prevented Plaintiff Connie Eaton from transacting her business, daily activities, and recreation, suffered a wage loss, loss of earnings capacity, loss

of established way of life, and is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and therefore, denies the same.

8.      Answering Paragraph No. 7 of Plaintiffs' Complaint, Defendant Allstate admits that Plaintiff Connie Eaton settled with Ms. Taylor's insurance carrier for $100,000, denies the settlement occurred with Allstate's permission, and is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations of this paragraph and therefore, denies the same.

9.      Answering Paragraph No. 8 of Plaintiffs' Complaint, as to the first sentence of this paragraph, Defendant Allstate is without sufficient information or knowledge to form a belief as to the truth of the allegations of this sentence and therefore, denies the same.  As to the second sentence, Defendant Allstate admits that Plaintiff Connie Eaton was an insured under an Allstate policy which included underinsured motorist coverage on August 2, 2013, with limits of $100,000 each person/$300,000 each accident.  Defendant Allstate denies any remaining allegations of this paragraph.

10.      Answering Paragraph No. 9 of Plaintiffs' Complaint, Defendant Allstate denies the allegations of the first sentence of this paragraph.  Defendant Allstate denies all allegations of the second sentence of this paragraph, except admits that an Independent Medical Examination of Plaintiff Connie Eaton was obtained, and that the quoted language was a portion of the language in a January 11, 2016, letter from attorney Gregg Smith.  Defendant Allstate denies any remaining allegations of this paragraph.

11.      Answering Paragraph No. 11 [sic] of Plaintiffs' Complaint, Defendant Allstate denies the allegations of this paragraph including subparagraphs a) – f).

12.      Answering Paragraph No. 12 of Plaintiffs' Complaint, denied.

13.     Answering Paragraph No. 13 of Plaintiffs' Complaint, denied.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

14.     Answering Paragraph No. 14 of Plaintiffs' Complaint, denied.

### SECOND CAUSE OF ACTION – UNFAIR TRADE PRACTICES

15.     Answering Paragraph No. 15 of Plaintiffs' Complaint, denied.

### AFFIRMATIVE DEFENSES

Without conceding that it has the burden of proof as to any of these matters, based upon the information currently available to it, Defendant Allstate upon good faith, information, and belief asserts the following defenses. If investigation or discovery reveals that the following defenses are not supported by an appropriate basis in law or fact, the defenses will be withdrawn.

1.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2.      Defendant Allstate's actions were not the proximate or a substantial cause of the injuries alleged in Plaintiffs' Complaint.

3.      To the extent Plaintiffs have failed to mitigate their damages, any claim against Defendant Allstate is barred or should be reduced accordingly.

4.      Defendant Allstate has not breached any duty to Plaintiffs or violated any of Plaintiffs' rights.

5.      The insurance coverage to the Plaintiff is subject to express terms, limitations, conditions and exclusions of the policy.

6.      Defendant Allstate's conduct conformed to the applicable standard of care and/or custom and practice.

7.      Plaintiffs' claims or some of them are barred, preempted or excluded by § 33-18-242, MCA.

8.     Defendant Allstate had a reasonable basis in law and/or fact for contesting Plaintiffs' claim and the amount of that claim.

9.     To the extent Plaintiffs and/or their agents failed to cooperate with Allstate's attempts to investigate and settle Plaintiff Connie Eaton's claim, Plaintiffs claims are barred.

10.     To the extent Plaintiffs or their agents made misrepresentations to Defendant Allstate, concealed or withheld facts from Defendant Allstate, or did not fully cooperate with Defendant Allstate's attempts to investigate and settle Plaintiff Connie Eaton's claim, Plaintiffs' claims are barred.

11.     Some or all of the damages sought by Plaintiffs are precluded or should be offset or precluded by Plaintiffs' own comparative negligence.

12.     Defendant Allstate's actions may not be the proximate or a substantial cause of the injuries alleged in Plaintiffs' Complaint.

13.     Allstate reserves the right to add those affirmative defenses which it deems necessary to the defense during or upon the conclusion of investigation and discovery.

WHEREFORE, Allstate prays for judgment as follows:

1.     The Complaint should be dismissed on its merits with prejudice;

2.     Allstate should be awarded its lawful costs of suit expended;

3.     For such and further relief as this Court deems just and equitable.

Dated this 4th day of December, 2017.

MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.

Dale R. Cockrell
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, Montana 59904-0370
Email: dcockrell@mcgalaw.com
*Attorney for Defendant Allstate Fire*
*and Casualty Insurance Company*

## **CERTIFICATE OF SERVICE**

I, Lindsay Mena, Legal Assistant of the law firm, MOORE, COCKRELL, GOICOECHEA & JOHNSON, P.C., do hereby certify that I served the foregoing document by mailing a copy thereof, first class postage prepaid, to:

Darin K. Westover
BEST & WESTOVER LAW OFFICE
35 8th St. East
PO Box 278
Kalispell, MT 59903-0278

Lindsay Mena
December 4, 2017

Amy Eddy, District Judge
Department No. 1
Flathead County Justice Center
920 South Main Street, Suite 310
Kalispell, Montana 59901
(406) 758-5906

THE MONTANA ELEVENTH JUDICIAL DISTRICT COURT
FLATHEAD COUNTY

| | |
|---|---|
| CONNIE E. EATON,<br><br>*Plaintiff,*<br><br>vs.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and JOHN DOES I through III,<br><br>*Defendants.* | Cause No. DV-16-613(A)<br><br><br><br>ORDER |

Pending before the Court is the Plaintiff's *Motion for Scheduling Order*, filed November 28, 2017. However, this motion appears to be premature. The *Complaint and Demand for Jury Trial* was filed on July 25, 2016. However, the Defendant has not filed a responsive pleading, and the Court has no evidence in the file that the *Complaint* has even been served on the Defendant.

Accordingly, Plaintiff's *Motion for Scheduling Order* is DENIED at this point in time.

DATED this ___7th___ day of December, 2017.

Amy Eddy, District Judge

cc    Darin Westover
      Dale Cockrell

DEC 0 7 2017

Dale R. Cockrell
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile: (406) 756-6522
Email: dcockrell@mcgalaw.com
*Attorney for Defendant Allstate Fire and
  Casualty Insurance Company*

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| CONNIE E. EATON and MICHAEL EATON, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and JOHN DOES I through III, <br><br> Defendants. | Cause No. DV-16-613A <br><br><br> **MOTION FOR SUBSTITUTION OF JUDGE** |

Defendant Allstate Property and Casualty Insurance Company (Allstate), pursuant to

Montana Code Annotated §3-1-804, hereby moves for substitution of District Judge Amy Eddy,

in the case.

DATED this 5th day of December, 2017

MOORE, COCKRELL,
GOICOECHEA & AXELBERG, P.C.

Dale R. Cockrell
P.O. Box 7370
Kalispell, MT 59904-0370
Email: dcockrell@mcgalaw.com
*Attorney for Defendant Allstate Property
and Casualty Insurance Company*

CERTIFICATE OF SERVICE

I, Lindsay Mena, one of the staff of the law firm of MOORE, COCKRELL, GOICOECHEA & JOHNSON, P.C., do hereby certify that I served a copy of the foregoing document in the above matter by mailing a copy thereof, first class postage prepaid to:


Darin K. Westover
BEST & WESTOVER LAW OFFICE
35 8th St. East
PO Box 278
Kalispell, MT 59903-0278

_____
Lindsay Mena
December 5, 2017

Dale R. Cockrell
MOORE, COCKRELL, GOICOECHEA & JOHNSON
PO Box 7370
Kalispell, MT 59904-0370
Phone: (406) 751-6000
Fax: (406) 756-6522
Attorney for Defendant

CLERK OF DISTRICT COURT

2017 DEC -7 PM 4: 05

FILED

BY_____
DEPUTY

## MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| | |
|---|---|
| **CONNIE E. EATON and MICHAEL EATON,**<br><br>       Plaintiffs,<br><br>   vs.<br><br>**ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and JOHN DOES I through III,**<br><br>       Defendants. | Case No.: DV-16-613A<br><br>**ACKNOWLEDGMENT OF SERVICE** |

**COMES NOW,** Dale R. Cockrell, Attorney for Defendant Allstate Fire and Casualty Insurance Company above-named, and represents to the above-entitled Court as follows:

That he is counsel for Defendant Allstate Fire and Casualty Insurance Company in the above-entitled action and is accepting service on behalf of this Defendant; that he received a full, true and correct copy of the *Complaint and Demand for Jury Trial* and *Summons* in the above-entitled action on the 13th day of November , 2017.

Dale R. Cockrell
**Dale R. Cockrell**
Attorney for Defendant Allstate Fire
and Casualty Insurance
Company

1  **STATE OF MONTANA**      )
2  **County of** Flathead )     : ss.

3      On this 13th day of November, 2017, before me, the undersigned, a Notary
4  Public for the State of Montana, personally appeared Dale R.Cockrell, known to me to be the
5  Attorney for Defendant Allstate Fire and Casualty Insurance Company in the above-entitled
6  action, and acknowledged to me that he executed the foregoing Acknowledgment of Service.

7      IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Notarial Seal the
8  day and year first above written.

9
10
11          JULIE ANNA MORSTEIN
            NOTARY PUBLIC for the
12          State of Montana
            Residing at Kalispell, Montana              (Signature of Notary)
            My Commission Expires
13          October 30, 2018

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  AMY EDDY
   District Court Judge
2  Flathead County Justice Center
   920 South Main Street, Suite 310
3  Kalispell, MT 59901
   Telephone: (406) 758-5906

CLERK OF DISTRICT COURT

2017 DEC 11  AM 11: 43

FILED

BY_____
        DEPUTY

4
        IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE
5              STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD

6           *      *      *      *      *      *      *      *

7  CONNIE E. EATON and MICHAEL          )
   EATON,                               )       Cause No. DV-16-613 (A)
8                                       )
                       Plaintiffs,      )
9                                       )       RELINQUISHMENT AND
        vs.                             )       ACCEPTANCE
10                                      )
   ALLSTATE FIRE AND CASUALTY           )
11 INSURANCE COMPANY and JOHN           )
   DOES I through III,                  )
12                                      )
                       Defendants.      )
13

14       A Motion for Substitution having been filed by Defendant, the undersigned,
15 hereby requests the Honorable Heidi J. Ulbricht, District Judge of Department No. 3 of the
   Eleventh Judicial District Court, to assume jurisdiction in the above-entitled cause and to hear and
16 determine all matters arising therein.

17       DATED this _11th_ day of December, 2017.

18

19

20                                              _____
                                                Amy Eddy
21                                              District Judge

22                       ASSUMPTION OF JURISDICTION

23       Jurisdiction of the above-entitled cause assumed pursuant to above request.

24       DATED this _11th_ day of December, 2017.

25

26                                              _____
                                                Heidi J. Ulbricht
27                                              District Judge

28 cc:  Darin Westover, Attorney at Law
        Dale Cockrell, Attorney at Law

                                                Page 1 of 1

1    Heidi J. Ulbricht
     District Judge, Department 3
2    Flathead County Justice Center
     920 South Main Street, Suite 310
3    Kalispell, Montana  59901
     Telephone: (406) 758-5906
4

CLERK OF DISTRICT COURT

2017 DEC 11  AM 11:43

FILED

BY_____
          DEP/TY

5         IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT
6       OF THE STATE OF MONTANA IN AND FOR THE COUNTY OF FLATHEAD

7                 *    *    *    *    *    *    *    *    *    *
     CONNIE E. EATON and MICHAEL EATON,        )
8                                              )        Cause No. DV-16-613(C)
                        Plaintiff,             )
9                                              )        RULE 16
10        vs.                                  )        SCHEDULING ORDER
                                               )
11   ALLSTATE FIRE AND CASUALTY                )
     INSURANCE COMPANY and JOHN DOES I-        )
12   III,                                      )
13                      Defendant.

14
         Pursuant to Rule 16(b) M.R.Civ.P. the Court sets the following deadlines in the above
15   entitled cause:

16       **On or before March 30, 2018**:  Amend pleadings, join additional parties.

17       **On or before April 13, 2018**:  Exchange exhibits and lists of lay (non-expert) witnesses.
     Names and addresses of Plaintiff's expert witnesses, together with the information called for in
18   Rule 26, M.R.Civ.P., must be furnished to all opposing parties.  Names and addresses of
     Defendant's expert witnesses, together with the information called for in Rule 26, M.R.Civ.P.,
19   must be furnished to all opposing parties.

20       **On or before May 25, 2018**:  **DISCOVERY COMPLETED**.  The term "completed"
21   means that discovery requests shall have been submitted so that the required responses are due
     on or before this date, and that depositions shall have been completed.

22       **ESTABLISHING DEADLINES FOR THE IDENTIFICATION OF EXPERT
23   WITNESSES, WITNESSES AND EXHIBITS DOES NOT SUPERSEDE THE
     REQUIREMENT OF ALL PARTIES TO FAIRLY AND ACCURATELY RESPOND TO
24   OTHER DISCOVERY.  THAT IS TO SAY, BY ESTABLISHING THESE DEADLINES,
     IT IS NOT INTENDED THAT THE PARTIES ARE NOT REQUIRED TO IDENTIFY
25   EXPERTS, WITNESSES, OR EXCHANGE EXHIBITS IN RESPONSE TO
     DISCOVERY REQUESTS BY CLAIMING THAT THE EXCHANGE OF
26   INFORMATION IS NOT DUE UNTIL THE DEADLINES ESTABLISHED BY THIS
     ORDER.  ALL DISCOVERY IS TO BE FAIRLY AND ACCURATELY RESPONDED
27   TO AND FAILURE TO DO SO MAY RESULT IN APPROPRIATE SANCTIONS.**

28

RULE 16 SCHEDULING ORDER                              Page 1 of 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**On or before June 22, 2018**: Motions for summary judgment with supporting memoranda and affidavits shall be filed. The parties are advised of their obligation to comply with the time requirements contained in Rule 56(c), Mont.R.Civ.P., applicable to filing response and reply briefs, and requesting oral argument. The Court will not issue orders setting the briefing schedule and will deem the matter ripe for review upon expiration of the time provided by Rule 56(c), Mont.R.Civ.P., or at the close of oral argument, if requested.

**On or before August 3, 2018:** All other motions shall be filed and fully briefed.

**On or before September 14, 2018:** Hold Settlement Conference. (The Court will have available a list of Settlement Masters or you may make your own arrangements.) No trial will be held without a Settlement Conference being held by this date. The Settlement Master's Report shall be filed by **September 22, 2017**.

**A Pretrial Hearing will be held on September 26, 2018 at 9:00 a.m.** A Pretrial Order shall be prepared and submitted by Plaintiffs' counsel at the Pretrial Conference as per U.D.C.R.5. If no motions are to be heard, and a Pretrial Order has been completed and signed **and submitted, counsel/parties may seek leave of the Court to conduct the conference by telephone.**

**Jury Instructions** shall be submitted by counsel (or the parties) no later than 3 working days before the date of trial. Counsel (or the parties) shall simultaneously exchange their instructions at an agreed upon time before their submission to the Court, and shall then jointly submit a set of the instructions to which there is no objection. Each counsel (or party) shall also submit, separately, any additional proposed instructions.

**The Trial by Jury is hereby set for the court term beginning October 29, 2018, at 9:00 a.m.,** with an attorneys' conference at 8:30 a.m. A date certain for trial will be set following the Pretrial hearings.

Failure of counsel or parties to adhere to this scheduling order may result in the loss of trial date, sanctions, or notification to clients as to the reasons for further delay.

If a party files a motion within 10 days from the date of this order, the Court will set a scheduling conference.

DATED this 11 day of December, 2017

_____
Heidi J. Ulbricht
District Judge

cc:   Darin Westover, Attorney at Law
      Dale Cockrell, Attorney at Law